### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

|                                |     |                        |
|--------------------------------|-----|------------------------|
| WILLIAM M. WALLS,              | *   |                        |
| Plaintiff,                     | *   |                        |
|                                | *   | Civ. No. MJM-25-852    |
| v.                             | *   |                        |
| PATRICK MCCULLOUGH, et al.,    | *   |                        |
| Defendants.                    | *   |                        |

\* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

Self-represented plaintiff William M. Walls ("Plaintiff") initiated this civil action against the Masters Mates & Pilots Pension Plan (the "Plan"); the Board of Trustees of the Plan; the International Organization of Masters, Mates & Pilots, AFL-CIO (the "Union"); Donald Marcus, the International President of the Union and Trustee of the Plan; Patrick McCullough, the Plan Administrator; and eighteen individual Trustees of the Plan (collectively, "Defendants"). *See* ECF No. 36 ("First Amended Petition" or "Am. Pet."). Plaintiff argues that he is entitled to equitable relief under § 502(a)(3) of the Employees Retirement and Income Security Act of 1974 ("ERISA") and seeks declaratory relief pursuant to Federal Rule of Civil Procedure 57. *Id.* at ¶ 30; *see also* ECF No. 33 at 5, 7.

This matter is before the Court on the Union's Motion to Dismiss, ECF No. 22; Marcus, McCullough, and the Plan's (collectively, the "Plan Defendants") Motion to Dismiss, ECF No. 25; and Plaintiff's corrected Motion for Leave to Amend, ECF No. 33. No hearing is necessary to resolve these motions. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, the Court

1

grants the Union's motion as unopposed, grants Plan Defendants' motion, and denies Plaintiff's motion.

## I.      FACTUAL BACKGROUND[1]

In 2009, Plaintiff retired from his career as a seaman and began receiving a monthly pension of $372.44 from the Plan. Am. Pet. ¶ 26. In or around June 2020, the Plan suspended Plaintiff's monthly payment, and Plaintiff reached out to McCullough to request that the Plan reinstate it. *Id.* McCullough informed Plaintiff that his monthly benefits were suspended temporarily because he was not compliant with the following Plan policy:

> M.M.&P.    PENSION    PLAN    FOURTH    RESTATED REGULATIONS ARTICLE VI APPLICATIONS, BENEFITS AND RETIREMENT, Section 6.06(c) . . . :
>
> Notwithstanding anything herein to the contrary and in addition to the other requirements described herein, in order to ensure the proper payments of benefits [hereunder] and thereby provide adequate protection to the Fund, the Trustees may require Pensioners and Beneficiaries to certify on a periodic basis, including annually, the receipt of benefit payments on such forms and in such manner as prescribed by the Trustees. If a Pensioner or Beneficiary fails to return the executed certification to the Plan Office within the time frame prescribed by the Trustees, the Plan Office may temporarily withhold the payment of benefits until such certification is received by the Plan Office. Upon receipt of such certification, the Plan Office will pay to the Pensioner or Beneficiary any benefit payments temporarily withheld.

*Id.* McCullough further stated that Plaintiff's monthly benefits had been withheld because he violated Section 6.09(e) of the Plan Regulations by failing to verify to the Board of Trustees "on forms provided by the Plan Office that he [wa]s not working in 'Disqualifying Employment,'" *id.* ¶ 27, but Plaintiff disputed this contention, noting that he did return the Plan's form pursuant to

---

[1] In resolving Defendants' motions pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the allegations in the First Amended Petition (ECF No. 36) as true and views the facts drawn from those allegations in the light most favorable to Plaintiff. *See Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 189 (4th Cir. 2002) (citation omitted).

the Texas Civil Practice & Remedies Code  § 132.001, *id.* ¶ 28.[2] Plaintiff also inquired about the meaning of "temporary" in relation to the suspension of his monthly benefits, and McCullough responded that his "benefits would be suspended indefinitely." *Id.*

Plaintiff and McCullough corresponded for a year. During this time, Plaintiff made various requests for information that McCullough denied, ignored, or inadequately completed. *Id.* For instance, Plaintiff asked McCullough for the names and contact information of the Plan's Trustees, and McCullough provided a list that was incomplete or outdated. *Id.* Eventually, Plaintiff obtained the correct names and contact information for the Trustees and notified each Trustee via certified mail of the denial of his retirement benefits. *Id.* Only Marcus contacted Plaintiff to discuss the denial of his benefits. *Id.* Marcus advised Plaintiff that his retirement benefits would be suspended indefinitely. *Id.*

Plaintiff asked to appeal the denial of his benefits before the Plan's Board of Trustees, and his request was granted, but Plaintiff was not allowed to review documents in the Plan's possession prior to the appeal. *Id.* Plaintiff sought to appear for the appeal via video teleconference, but his request was denied by McCullough because Plaintiff was unable to provide the Plan a valid driver's license to confirm his identity. *Id.*

Plaintiff successfully appealed via voice appearance on July 2, 2021, and he received a year of retirement pay from the Plan. *Id.* Plaintiff never received a written decision of the appeal and was told that no transcript of his appeal was available. *Id.*

---

[2] Plaintiff sought the assistance of a secretary at one of the Plan's local hiring halls to complete the form required by Section 6.09(e) but was told that he needed to visit a notary. Am. Pet. ¶ 28. Plaintiff requested that the Plan reimburse him for the services of a mobile notary, and the Plan declined to do so. *Id.* It is unclear from the Amended Petition whether the form Plaintiff returned to the Plan and the form he sought to notarize were the same document.

On or about June 2, 2023, Plaintiff was informed the Trustees had mandated that, absent receipt of a "Plan-issued verification [form]," no pension checks would be distributed. *Id.* Plaintiff was also informed that his pension payments would be "abrogated" in May 2024. *Id.*

## II.    PROCEDURAL HISTORY

On May 23, 2024, Plaintiff initiated this action by filing a civil complaint, styled as an Original Petition,[3] in Texas state court. *See* ECF No. 1-2 at 7, 9. On June 3, 2024, Plaintiff filed a First Amended Petition, the operative complaint in this matter, in the same court. *See* Am. Pet. . In the First Amended Petition, Plaintiff asks the Court to "declare the rights, obligations[,] and duties of the parties pursuant to the Plan and [ERISA]," and to impose a series of requirements upon Defendants with respect to the administration of the Plan. *Id.* ¶ 30.[4] Two weeks later, McCullough, with the consent of all other Defendants, removed the case to the U.S. District Court for the Southern District of Texas. *See* ECF No. 1 ("Not. of Removal"). On June 21, 2024, Defendants moved to transfer venue, ECF Nos. 2 & 3, and on February 13, 2025, the case was transferred to this District, *see* ECF No. 20 at 5.

On March 21, 2025, Plan Defendants filed a motion to dismiss the First Amended Petition for failure to state a claim. ECF No. 22. The Union then filed its own motion to dismiss for failure to state a claim in which it argued that, as a union, it was "not [a] proper defendant[] under [ERISA §§ 502(a)(1)(B) or 502(a)(3)]." ECF No. 25, ECF No. 25-1 at 3–5. Plaintiff filed responses to both the Union's and Plan Defendants' motions. ECF Nos. 27, 31, 33. Plaintiff responded that he was "not opposed" to the Union's motion. ECF No. 31. After an initial response in opposition to Plan

---

[3] Plaintiff refers to his pleadings as petitions while also referring to this matter as a civil action in the caption of his pleadings. The Court construes his pleadings as civil complaints.

[4] Despite the list of requirements in the Amended Petition (ECF No. 36) that he asks the Court to impose upon the Plan, Plaintiff states in his response to Plan Defendants' motion that he "does not seek to change any existing Plan[] operations." ECF No. 33 at 7.

Defendants' motion, which was joined with a motion for leave to amend his pleading, ECF No. 27, Plaintiff filed a corrected opposition and motion for leave to amend, ECF No. 33, which attaches a proposed Second Amended Petition, ECF No. 33-2. Plaintiff's proposed Second Amended Petition is asserted only against the Plan, its Board of Trustees, McCullough, and Marcus, omitting the Union and eighteen individual Trustees of the Plan. *Id.* No material changes are proposed for the facts alleged in the First Amended Petition. Instead, Plaintiff seeks to amend his prayer for relief and add citation to Federal Rule of Civil Procedure 57 and the Declaratory Judgment Act, 28 U.S.C. § 2201, in support of his claim for declaratory relief. Plan Defendants filed a reply in support of their motion to dismiss and in opposition to Plaintiff's motion for leave to amend, ECF No. 35. Plaintiff did not file a reply in support of his motion.

### III.    STANDARD OF REVIEW

Defendants move to dismiss the First Amended Petition for failure to state a claim. *See* ECF Nos. 22 & 25. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may seek dismissal for "failure to state a claim upon which relief can be granted[.]" To survive the challenge, the non-moving party must have pleaded facts demonstrating "a claim to relief that is plausible on its face." *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted

inferences, unreasonable conclusions, or arguments." *U.S. ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *U.S. ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 212 (4th Cir. 2019)). The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).

"[P]*ro se* filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (second alteration in original) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). "[L]iberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff,' but only to determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still must contain enough facts to state a claim for relief that is plausible on its face." *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citation modified) (quoting *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016)).

## IV.   DISCUSSION

"ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries by regulating the creation and administration of employee pension and benefits plans." *Kahalas v. Claims Admin. Corp.*, Civ. No. DKC-92-2253, 1995 WL 795666, at *2 (D. Md.

Mar. 16, 1995) (citing *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 137 (1990)). "ERISA safeguards these interests in a variety of ways, *e.g.*, by creating comprehensive reporting and disclosure requirements, by setting standards of conduct for fiduciaries, and by establishing an appropriate remedial framework." *Shrago v. Unum Life Ins. Co. of Am.*, Civ. No. PX-20-01097, 2021 WL 3188320, at *4 (D. Md. July 28, 2021) (quoting *Johnson v. Watts Regul. Co.*, 63 F.3d 1129, 1132 (1st Cir. 1995)). "Accordingly, where ERISA applies, . . . . [its] 'uniform body of benefits law' governs the dispute." *Id.* (quoting *Ingersoll–Rand Co.*, 498 U.S. at 142).

Plaintiff's pension benefits flow from a plan governed by ERISA, and Plaintiff is a Plan "participant" as defined by ERISA § 3(7), codified at 29 U.S.C. §1002. Plaintiff asserts that his claim for relief is pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Declaratory Judgment Act, 28 U.S.C. § 2201, while Plan Defendants move to dismiss claims they contend Plaintiff made pursuant to ERISA §§ 502(a)(1)(B) and 502(a)(3).

### A.   ERISA § 502(a)(1)(B)

Section 502(a)(1)(B) allows an ERISA plan participant "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." *Frank v. Liberty Life Assurance Co. of Bos.*, 149 F. Supp. 3d 566, 571 (D. Md. 2015) (quoting 29 U.S.C. § 1132(a)(1)(B)). "The purpose of § 502(a)(1)(B) is to provide the means by which a participant or beneficiary may enforce his rights to benefits and any other plan-created rights." *Heimann v. Nat'l Elevator Indus. Pension Fund*, 187 F.3d 493, 510 (5th Cir. 1999) (citation omitted). Relief under § 502(a)(1)(B) "may take the form of accrued benefits due, a declaratory judgment on entitlement to benefits, or an injunction against a plan administrator's improper refusal to pay benefits." *Alford v. NFL Player Disability & Survivor Benefit Plan*, Civ. No. JRR-23-00358, 2024 WL 1214000, at *5 (D. Md. Mar. 20,

7

2024), *amended on reconsideration in part*, 2024 WL 4892573 (D. Md. Apr. 23, 2024) (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 53 (1987)); *see also Camarda v. Pan Am. World Airways, Inc.*, 956 F. Supp. 299, 305 (E.D.N.Y. 1997), *aff'd*, 162 F.3d 1147 (2d Cir. 1998) (pursuant to § 502(a)(1)(B), an ERISA plan participant may seek a declaratory judgment to clarify his rights under the plan).

### 1.  The Relief Plaintiff Seeks

Plan Defendants assert that Plaintiff brought a claim for relief under § 502(a)(1)(B). They argue that this claim must fail because Plaintiff wants the Court to find "that he is entitled to continued pension benefits without returning the Verification Form and/or that he is entitled to various revisions to the Plan Regulations" even though both findings run counter to the requirement that courts "enforc[e] plan terms *as written*." *See* ECF No. 22-1 at 6 (quoting *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 108 (2013)). In response, Plaintiff argues that Plan Defendants have misconstrued his pleading and states that his claim for relief is pursuant to Rule 57 of the Federal Rules of Civil Procedure. ECF No. 33 at 1–2. But Rule 57 is simply a procedural rule providing that the Federal Rules of Civil Procedure apply to actions for declaratory relief brought in federal court under the Declaratory Judgment Act, 28 U.S.C. § 2201.

While "[a] plaintiff is generally regarded as the master of [their] Complaint," *Doe v. Power Sols., LLC*, Civ. No. PX-21-02300, 2021 WL 5359667, at *3 (D. Md. Nov. 17, 2021), "a court must look to the substance of the complaint, the relief sought, and the course of proceedings to determine the nature of the plaintiff's claims[,]" *Dubon v. Prince George's Cnty.*, Civ. No. DKC-2005-3463, 2006 WL 8456989, at *4 n.6 (D. Md. July 27, 2006) (quoting *Biggs v. Meadows*, 66 F.3d 56, 58 (4th Cir. 1995)). Here, the First Amended Petition refers multiple times to ERISA § 502: it asserts jurisdiction under ERISA §§ 502(a)(1)(B) and 502(a)(3), Am. Pet. ¶ 25; it recounts

Defendants' failure to provide Plaintiff with a statement of his "right to bring a civil action under Section 502[(a)] of ERISA" following his successful appeal of the 2020 withholding, *id.* ¶ 28; and it asks the Court to "declare the rights, obligations[,] and duties of the parties pursuant to the . . . applicable Federal Income Security Act (ERISA) [provisions] as set out above," *id.* ¶ 30. Additionally, Plaintiff discusses the verification form in his response in opposition to Plan Defendants' Motion to Dismiss, asking "does the Plan have the right to withhold earned monthly benefits forever in the absence of a Plan requirement of a specific form?" ECF No. 33 at 8. Plaintiff also acknowledges that "he is not certain of his rights to restitution without the benefit of an appeal[,]" *id.* at 4, which suggests that he seeks a declaratory judgment clarifying his rights under ERISA § 502(a)(1)(B).

Although the Court must construe Plaintiff's First Amended Petition liberally, it is not required "to 'discern [Plaintiff's] . . . unexpressed intent.'" *Williams*, 716 F.3d at 805 (quoting *Laber*, 438 F.3d at 413 n.3). "[T]he actual meaning of the words used in the [First Amended Petition]," "the relief sought, and the course of [the] proceedings" indicate that Plaintiff brought a declaratory judgment action pursuant to § 502(a), seeking clarification of his rights to future benefits under the Plan. *Williams*, 716 F.3d at 805; *Dubon*, 2006 WL 8456989, at *4 n.6 (quoting *Biggs*, 66 F.3d at 58); *see also Camarda*, 956 F. Supp. at 305 (finding that plaintiff sought a "declaratory judgment to clarify his rights" pursuant to ERISA § 502(a)(1)(B) "[b]ecause the amended complaint [asserted] jurisdiction under ERISA and the relief sought f[ell] in part under the available ERISA remedies"). Accordingly, the Court construes the cause of action asserted in the First Amended Petition as an ERISA claim for declaratory judgment to clarify Plaintiff's rights under § 502(a)(1)(B).[5]

---

[5] Any claim for declaratory relief Plaintiff seeks to assert under Texas law or the law of any other state is preempted. ERISA expressly "supersede[s] any and all State laws insofar as they may now or

### 2. Plaintiff's Failure to State a Claim

The Court now takes up the issue of whether Plaintiff has sufficiently pleaded a claim for declaratory judgment to clarify his rights under the Plan. The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). This statute was enacted to "prevent avoidable damages from being incurred by a person who is not certain of his rights, and to afford him an early adjudication of his rights without waiting until his adversary takes injurious action against him." *Heimann*, 187 F.3d at 510–11. "The same pleading standards that apply in other civil actions govern proceedings under the Declaratory Judgment Act." *Est. of Fisher v. PNC Bank, N.A.*, 769 F. Supp. 2d 853, 857 (D. Md. 2011); *see also* Fed. R. Civ. P. 57 ("These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201."). As such, "in seeking a declaratory judgment—just as in seeking any other remedy—a plaintiff must state a claim upon which relief can be granted." *Fisher*, 769 F. Supp. 2d at 857 (citation omitted).

To state a claim for declaratory relief, the complaint must "allege a 'justiciable controversy'" and "disclose 'a legal right, relation, status, or interest claimed by plaintiff over which a dispute with the defendant has arisen.'" *Heimann*, 187 F.3d at 510 (citations omitted); *see also* 28 U.S.C. § 2201(a) (limiting the availability of declaratory relief in federal court to "case[s] of actual controversy within [the court's] jurisdiction"). A "justiciable" controversy is one where "the conflicting contentions of the parties . . . present a real, substantial controversy between parties

---

hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a) (ERISA § 514(a)). Moreover, neither the First Amended Petition nor Plaintiff's proposed Second Amended Petition asserts any state-law grounds for his claim for declaratory relief.

having adverse legal interests," and the dispute between the parties is "definite and concrete, not hypothetical or abstract." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006) (citation modified).

Plaintiff's First Amended Petition avers that he has legal rights to pension benefits under the Plan, that he will receive his pension benefits if he complies with the Plan's verification rule, and that he has the right to appeal the withholding of his benefits for failure to comply with said rule. It is not clear from the First Amended Petition that there is a "definite and concrete" dispute between the parties regarding these rights. *Miller*, 462 F.3d at 316. In quoting the Plan's governing regulations, Plaintiff acknowledges that "the Trustees may require Pensioners and Beneficiaries to certify on a periodic basis, including annually, the receipt of benefit payments *on such forms and in such manner as prescribed by the Trustees*." Am. Pet. ¶ 26 (emphasis added). The First Amended Petition states that Plaintiff has once before had his pension benefits withheld after being found noncompliant with the Plan's verification rule and that he managed to successfully appeal that withholding in 2021. But it does not show that (1) Plaintiff and Plan Defendants have a conflicting view of the Plan Regulations; (2) Plan Defendants failed to comply with the Plan's appeal procedures when Plaintiff appealed the 2020 withholding of his pension benefits; or (3) Plaintiff was told by Plan Defendants that he would not be able to appeal the then-impending abrogation of his pension benefits in May 2024. Insofar as Plaintiff claims a dispute over whether he is required to submit the completed verification form "prescribed by the Trustees" in the manner they prescribe, that dispute is resolved by the First Amended Petition's own citation to the regulation that indeed requires verification in that manner. Am. Pet. ¶ 26. Thus, Plaintiff fails to state a plausible cause of action for declaratory judgment clarifying his rights under the Plan, and his claim under § 502(a)(1)(B) must be dismissed.

### 3.  Plaintiff's Failure To Exhaust Administrative Remedies

Even if the Court had found that Plaintiff alleged a justiciable controversy in support of his claim for declaratory relief pursuant to § 502(a)(1)(B), that claim would be barred because Plaintiff did not exhaust the Plan's remedies with regard to the most recent withholding.

"[A]n ERISA claimant generally is required to exhaust the remedies provided by the employee benefit plan in which he participates as a prerequisite to an ERISA action for denial of benefits under 29 U.S.C. § 1132." *Makar v. Health Care Corp. of Mid-Atl. (CareFirst)*, 872 F.2d 80, 82 (4th Cir. 1989). "Although 'ERISA does not contain an explicit exhaustion provision' . . . . [c]ourts have imposed this requirement because it is consistent with the 'Act's text and structure as well as the strong federal interest encouraging private resolution of ERISA disputes.'" *Nordman v. Tadjer-Cohen-Edelson Assocs., Inc.*, Civ. No. DKC-21-1818, 2022 WL 4368152, at *2 (D. Md. Sep. 21, 2022) (quoting *Makar*, 872 F.2d at 82–83)). However, "ERISA's requirement that administrative remedies be exhausted is unnecessary if there is clear and positive evidence that the remedies are futile or useless." *Alford*, 2024 WL 1214000, at *6 (quoting *Kunda v. C.R. Bard, Inc.*, 671 F.3d 464, 471–72 (4th Cir. 2011)). "While the failure to exhaust administrative remedies is an affirmative defense, courts can and often do address that defense in ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Leach v. Aetna Life Ins. Co.*, Civ. No. WMN-13-2757, 2014 WL 470064, at *6 (D. Md. Feb. 5, 2014).

Here, the First Amended Petition indicates that the Plan offers an appeal process as a method to remedy a withholding of benefits. Plaintiff exhausted this remedy in the past but does not show that he did so again after learning that his pension payments would be "abrogated" in May 2024. Am. Pet. ¶ 28. Plaintiff does not provide "clear and positive evidence" that the appeals process is a "futile or useless" remedy; on the contrary, Plaintiff has demonstrated that this process

is an effective way to restore payment of benefits and receive retroactive relief. *Alford*, 2024 WL 1214000, at \*6 (quoting *Kunda*, 671 F.3d at 471–72). Therefore, had the Court found that Plaintiff pleaded a dispute that was sufficient to support a § 502(a)(1)(B) claim for declaratory relief, Plaintiff's claim would be barred for failure to exhaust.

### B.  ERISA § 502(a)(3)

Section 502(a)(3) is a "catchall" provision that provides "appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 490 (1996). "To establish a violation of § 502(a)(3), a plaintiff must show that there was a violation of an ERISA provision, and the relief sought constitutes 'appropriate equitable relief.'" *Alford*, 2024 WL 1214000, at \*11 (quoting *Chavis v. Plumbers & Steamfitters Loc. 486 Pension Plan*, 612 F. Supp. 3d 516, 540 (D. Md. 2020)). "The Supreme Court has interpreted the term 'appropriate equitable relief[]' . . . to refer to 'those categories of relief that, traditionally speaking (i.e., prior to the merger of law and equity) were typically available in equity.'" *Chavis*, 612 F. Supp. 3d at 540 (quoting *Pender v. Bank of Am. Corp.*, 788 F.3d 354, 364 (4th Cir. 2015)). "However, relief under [§] 502(a)(3) is available only when relief under ERISA's other remedial provisions would otherwise be inadequate." *Id.* (citations omitted); *see Rose v. PSA Airlines, Inc.*, 80 F.4th 488, 494 (4th Cir. 2023), *cert. denied*, 144 S. Ct. 1346, 218 (2024) (noting that if § 502(a)(1)(B) "doesn't provide the beneficiary with the relief that []he seeks, then []he can resort to § 502(a)(3), the enforcement scheme's 'catchall' provision"). Notably, "a plaintiff may not proceed with a § 502(a)(3) claim where relief is potentially available under § 502(a)(1)(B)." *Est. of Spinner v. Anthem Health Plans of Va.*, 589 F. Supp. 2d 738, 746 (W.D. Va. 2008), *aff'd sub nom. Est. of Spinner v. Anthem Health Plans of Va., Inc.*, 388 F. App'x 275 (4th Cir. 2010) (citing *Korotynska v. Metro. Life Ins. Co.*, 474 F.3d 101, 106 (4th Cir. 2006)).

13

Plan Defendants argue that Plaintiff's claim under § 502(a)(3) must fail because Plaintiff does not allege any violation of ERISA or of the Plan and improperly seeks relief under this provision. ECF No. 22-1 at 10–13. Plaintiff does not dispute this argument in his response and instead requests leave to add a request for relief under § 502(a)(1)(B) by amendment of his pleading "[i]f [the] . . . Court should accept [Plan] Defendant[s'] assertions as to Plaintiff's wrongful reliance on [§ 502(a)(3)]." ECF No. 33 at 7. As explained in Part IV.A.1 *supra*, the Court construes the First Amended Petition in its present form to seek relief under § 502(a)(1)(B). In failing to offer any substantive argument in opposition to Plan Defendants' motion to dismiss any § 502(a)(3) asserted in the First Amended Petition, the issue is waived, and Plaintiff concedes dismissal. *See Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004).

## V.    ORDER

For the foregoing reasons, it is by the United States District Court for the District of Maryland hereby ORDERED that Plan Defendants' Motion to Dismiss (ECF No. 22) is GRANTED, the Union's Motion to Dismiss (ECF No. 25) is GRANTED as unopposed, and the First Amended Petition is DISMISSED without prejudice. Plaintiff's Motion for Leave to Amend is DENIED as futile because his proposed amendment fails to correct the deficiencies that render the First Amended Petition subject to dismissal. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509–10 (4th Cir. 1986) (holding that leave to amend should be denied when "the amendment would be futile[,]" or "clearly insufficient").

The Clerk SHALL CLOSE this case and SHALL SEND a copy of this Memorandum Opinion and Order to Plaintiff and counsel of record.

  3/30/26                                        _____
Date                                              Matthew J. Maddox
                                                  United States District Judge

14